JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM LOVE VINSON,<br><br>              Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>              Respondent. | Case No. 2:18-cv-06783-FLA (JC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [DKT. 53] AND DISMISSING ACTION** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition," Dkt. 1) and all of the records herein, including the February 24, 2025 Report and Recommendation of United States Magistrate Judge (the "Report," Dkt. 53) and Petitioner Tom Love Vinson's ("Petitioner") Objections to the Report ("Objection," Dkt. 57).[1]  The court has further made a *de novo* review of those portions of the Report to which Petitioner objected.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice.  Petitioner's Objections do not merit any change to the Report's findings or recommendations.

Petitioner objects to the Report's finding that the claims in Grounds One to Three are procedurally defaulted.  Dkt. 57 ("Obj.") at 12-27.  Petitioner objects that the state procedural rule, based on untimeliness, is inadequate because his was the "exceptional case" requiring multiple state appeals.  *Id.* at 13, 26.  Petitioner's argument, however, does not demonstrate inadequacy.  It is well-established that California's untimeliness rule is adequate.  *See Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016) (noting the Supreme Court ruled in *Walker* that "California's timeliness rule is an independent and adequate state law ground sufficient to bar federal habeas relief on untimely claims") (citing *Walker v. Martin*, 562 U.S. 307, 316 (2011)).  Instead, Petitioner argues the procedural rule was misapplied in his case, which is an argument the court has no authority to review.  *See Martinez v. Ryan*, 926 F.3d 1215, 1224 (9th Cir. 2019) (rejecting argument of inadequacy based on a state court's alleged misinterpretation of its own rules, holding that "[w]e lack jurisdiction to consider that contention.") (citing *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction … to review state court applications of

---

[1] This court, in an exercise of its discretion, declines to consider new evidence and arguments presented for the first time in the Objection.  *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001).

1  state procedural rules.")); *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A]
2  federal habeas court is not the proper body to adjudicate whether a state court
3  correctly interpreted its own procedural rules, even if they are the basis for a
4  procedural default.").

5        Petitioner objects that he has established cause and prejudice to overcome the
6  procedural default of his claims in Grounds One and Two. Obj. at 27-37. Petitioner
7  argues the factual and legal basis for his claims were not reasonably available before
8  he raised them in state court. *Id.* at 30, 33. To the contrary, as the Report found, the
9  claims in Ground One and Two, ineffective assistance of trial counsel and insufficient
10 evidence for the gang enhancement, "were clearly available at the time [Petitioner]
11 defaulted them." Dkt. 53 ("R. & R.") at 18. "In short, Petitioner has not demonstrated
12 cause for his procedural default." *Id.* at 19.

13       Petitioner objects that he has demonstrated a fundamental miscarriage of justice
14 to overcome the procedural default of his claims in Grounds One and Two. Obj. at
15 30, 36. As the Report found, the eyewitness account of Brad Van ("Van") was
16 "manifestly insufficient" to satisfy the actual-innocence standard of *Schlup v. Delo*,
17 513 U.S. 298 (1995). R. & R. at 22. The state trial court found that Van's post-
18 verdict testimony was not credible, which is a finding entitled to a presumption of
19 correctness and deference from federal habeas courts. *Id.* Moreover, Van's testimony
20 about pulling up his gun into position in his waistband would not have supported
21 Petitioner's theory that he committed the shooting in self-defense after seeing
22 someone pull out a gun, raise it, and point it at him. *Id.* at 24-25.

23       Petitioner objects that the trial court erred in failing to respond adequately to the
24 jury's question on transferred intent. Obj. at 38-41. In response to the question, the
25 trial court read the applicable instruction to the jury. Dkt. 19-14 at 18-19. The
26 California Court of Appeal's rejection of this claim was not objectively unreasonable.
27 Dkt. 12-1 at 9. "[T]here is nothing to show that the jury gave up on getting its
28 questions answered rather than received the guidance it needed to apply the

instructions it had received." *Id.* Further, as the Report found, Petitioner has not overcome the presumption that a jury follows its instructions and understands the trial court's answer to its questions. R. & R. at 33.

The court has conducted the review required by 28 U.S.C. § 636 and ACCEPTS the findings, conclusions, and recommendation of the Magistrate Judge reflected in the February 24, 2025, Report. The court ORDERS as follows:

1. The Petition is DENIED;
2. The Petition and this action are DISMISSED, and Judgment shall be entered accordingly; and
3. The Clerk shall serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for Petitioner and Respondent.

IT IS SO ORDERED.

Dated: July 9, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

4